IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Clarence Stallworth, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   No.   4:19-cv-2399<br>) |
| Medical Data Systems, Inc., d/b/a, Medical Revenue Service, a Florida corporation, | )<br>)   Class Action<br>)<br>) |
| Defendant. | )   Jury Trial Demanded |

**CLASS ACTION COMPLAINT**

Plaintiff, Clarence Stallworth, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Clarence Stallworth ("Stallworth"), is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendant attempted to collect a defaulted consumer debt, which he allegedly owed for medical services.

4. Defendant, Medical Data Systems, Inc., d/b/a Medical Revenue Service ("MRS"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant MRS operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Missouri. In fact, Defendant MRS was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. Defendant sent Mr. Stallworth an initial form collection letter, dated July 3, 2019, demanding payment of defaulted consumer debts that he allegedly owed to Missouri Baptist Medical Center for services he had received. This letter stated, in pertinent part:

* * *

> Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

* * *

In fact, an oral dispute is valid, and a dispute does not have to be in writing, as claimed in Defendant's letter, see, attached Exhibit A.

6. Violations of the FDCPA which would lead a consumer to alter his or her

course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision-making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute, is material information that would play a role in a consumer's decision of whether to dispute a debt.

7. In fact, Mr. Stallworth wanted to dispute these debts, but was put off from doing so by the improper requirement that it be done in writing.

8. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Peters v. Gen. Serv. Bureau, 277 F.3d 1051, 1055 (8th Cir. 2002).

### COUNT I
### Violation Of § 1692g Of The FDCPA
### Improper Validation Notice

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it, see, 15 U.S.C. § 1692g(a). Specifically, § 1692g(a)(3) of the FDCPA requires that a debt collector include a statement that, unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof,

the debt will be assumed to be valid by the debt collector, see, 15 U.S.C. § 1692g(a)(3).

12. Although Defendant's letter contained a validation notice, by telling Plaintiff that disputes must be in writing (Exhibit A), when, in fact, an oral dispute is valid, Defendant violated § 1692g of the FDCPA, see, Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286-87 (2d Cir. 2013); Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1080-82 (9th Cir. 2005); Clark, 741 F.3d at 491; see also, Smith v. GC Servs. Ltd. P'ship, 907 F.3d 495, 501 (7th Cir. 2018)(affirming denial of a motion to compel arbitration and noting that the majority of Circuits addressing the issue "have held that no writing requirement exists").

13. Defendant's violation of § 1692g(a)(3) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692e
### False Statement About Disputing Debts

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.

16. Defendant, by telling Plaintiff that disputes must be in writing (Exhibit A), when, in fact, an oral dispute is valid, made a false representation in connection with the collection of a debt, in violation of § 1692e of the FDCPA.

17. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

18. Plaintiff adopts and realleges ¶¶ 1-9.

19. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

20. Defendant, by telling Plaintiff that disputes must be in writing (Exhibit A), when, in fact, an oral dispute is valid, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

21. Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

22. Plaintiff, Clarence Stallworth, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Missouri from whom Defendant attempted to collect a defaulted consumer debt, via the same form collection letter (Exhibit A), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

23. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Stallworth, in its attempts to collect defaulted consumer debts from other persons.

24. The Class consists of more than 35 persons from whom Defendant

5

attempted to collect defaulted consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Stallworth.

25. Plaintiff Stallworth's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

26. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

27. Plaintiff Stallworth will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Stallworth has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Clarence Stallworth, individually and on behalf of all others similarly

situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Stallworth as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violated the FDCPA;

4. Enter judgment in favor of Plaintiff Stallworth and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY TRIAL DEMANDED**

Plaintiff, Clarence Stallworth, individually and on behalf of all others similarly situated, demands trial by jury.

Clarence Stallworth, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: August 23, 2019

David J. Philipps, # 6196285IL
Mary E. Philipps, # 6197113IL
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ryan M. Callahan, # 62666
James R. Crump, # 65514
Callahan Law Firm, LLC
221 East Gregory
Suite A
Kansas City, Missouri 64114
(816) 822-4041
(913) 273-1799
ryan@callahanlawkc.com
james@callahanlawkc.com